IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BEATRICE HUDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV552 |
| | ) | |
| v. | ) | |
| | ) | |
| **B.A.D.,** | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on filing no. 2, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. This is the twenty-fifth case filed in forma pauperis ("IFP") by the plaintiff in a period of approximately two years. The plaintiff's cases all have involved accusations of racism, racial profiling, conspiracy, discrimination, and retaliation against such defendants as the City of Omaha, the Omaha Police Department, the Omaha public library, the Omaha public schools, the Douglas County courts, the Douglas County Sheriff, a federal judge, the Nebraska Equal Opportunity Commission, former employers, former landlords, the plaintiff's former spouse and many others. Taking judicial notice of the court's records, the plaintiff is inclined to engage in altercations, which she then follows up with litigation. The plaintiff has prevailed in none of her cases, and many have been dismissed as frivolous.

By moving for leave to proceed in forma pauperis, the plaintiff subjects the complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or

(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the plaintiff alleges that she was terminated from employment with B.A.D., LLC based on racial discrimination. The plaintiff alleges racial discrimination in sweeping conclusory terms, as always, but no factual allegations appear from which an inference of racial animus may be gleaned. The plaintiff is abusing the IFP statute. Therefore, filing no. 2, the plaintiff's Motion for Leave to Proceed IFP, is denied. The plaintiff shall have until September 29, 2006 to pay the court's $350 filing fee if she wishes to continue to litigate this matter. If the plaintiff fails to pay the filing fee by September 29, 2006, this case will be subject, without further notice, to dismissal without prejudice by Chief District Judge Joseph Bataillon, for failure to prosecute.[1]

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is denied;

2. That the plaintiff shall have until September 29, 2006 to pay the court's $350 filing fee;

---

[1] See NECivR 41.1, which states in pertinent part: "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."

2

3. That in the absence of timely payment of the filing fee, this action may be subject, without further notice, to dismissal without prejudice for failure to prosecute; see NECivR 41.1.

DATED this 7th day of September, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge